**FILED**

JAN -6 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. 26-cr-40001-JPG ) |
| MAGGI R. TUDOR, | ) Title 18, United Sates Code, ) Sections 1343 and 666 ) |
| Defendant. | ) ) ) ) |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### WIRE FRAUD – 18 U.S.C. § 1343

1. At all times material to this Indictment:

   a. Defendant MAGGI R. TUDOR ("TUDOR") was a resident of Illinois and employed as an Account Technician at Pinckneyville Correctional Center ("PCC"), which is part of the Illinois Department of Corrections ("IDOC").

   b. TUDOR'S husband, B.T., was employed as a Correctional Officer ("CO") at Murphysboro Life Skills Reentry Center ("MLSRC"), which is a satellite facility of PCC.

   c. As an Account Technician, TUDOR acted as a timekeeper and backup payroll clerk for PCC and MLSRC. TUDOR was responsible for entering the hours worked, including overtime hours, on each employee's time sheet. TUDOR was also responsible for entering

1

employees' holiday hours using a supplemental holiday payment sheet. The information collected by TUDOR was submitted to the payroll department via a Payroll Time Report ("PTR").

2.      Beginning on at least July 1, 2022, and continuing until December 30, 2024, in Perry County, Illinois, in the Southern District of Illinois, and elsewhere,

**MAGGI R. TUDOR,**

defendant herein, knowingly devised and engaged in a scheme to defraud the State of Illinois, and to obtain money and property of the State of Illinois by means of materially false and fraudulent pretenses, representations and promises.

3.      Specifically, TUDOR used her role as an Account Technician to falsely modify her husband, B.T.'s, timesheets so that he obtained payroll payments in excess of what he was otherwise entitled to.

4.      It was the object of the scheme that TUDOR obtained payroll overpayments for B.T. from the State of Illinois so it would personally benefit herself and her family.

5.      It was part of the scheme to defraud that beginning in July 2022, TUDOR began manipulating B.T.'s payroll timesheets to make it appear as though B.T. worked overtime hours that he did not work.

6.      It was part of the scheme to defraud that beginning in December 2022, TUDOR manipulated B.T.'s supplemental holiday payment sheets to make it appear as though he worked holiday hours he did not work. TUDOR submitted those holiday hours as part of a cashout process so B.T. would get paid for holidays he did not work.

7.      It was part of the scheme to defraud that through December 2024 TUDOR revised B.T.'s payroll timesheets with false hours and submitted them as part of the PTR to payroll.

8. It was part of the scheme to defraud that the false PTRs submitted by TUDOR with B.T.'s incorrect hours were processed by the Illinois Comptroller's Office in Springfield, Illinois, on behalf of the Illinois Department of Corrections.

9. It was part of the scheme to defraud that due to the fraudulent timesheets and PTRs submitted by TUDOR, the State of Illinois paid B.T. for overtime and holiday hours he did not work.

10. As result of the scheme to defraud, between 2022 and 2024, the state of Illinois paid B.T. over $95,000 in wages that he was not entitled to receive.

11. TUDOR knew the modifications she made to B.T.'s timesheets were false at the time she modified them and submitted them through the PTR process.

12. On or about July 1, 2022, in Perry County, within the Southern District of Illinois, and elsewhere,

### MAGGI R. TUDOR

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely a wire transfer relating to payroll funds from the State of Illinois to B.T. that consisted of payment for overtime hours in the amount of $833.11 for which B.T. did not work, the wires of which were transmitted from Tampa, Florida to the state of Illinois.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
## WIRE FRAUD – 18 U.S.C. § 1343

1. 1 and 3 through 11 of Count One of this Indictment are realleged here.

2. On or about December 16, 2022, in Perry County, Illinois, within the Southern District of Illinois,

### MAGGI R. TUDOR

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely a wire transfer relating to payroll funds from the State of Illinois to B.T. that consisted of payment for holiday hours in the amount of $1,229.18 for which B.T. did not work, the wires of which were transmitted from Tampa, Florida to the state of Illinois.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 3
## WIRE FRAUD – 18 U.S.C. § 1343

1. 1 and 3 through 11 of Count One of this Indictment are realleged here.

2. On or about January 1, 2023, in Perry County, Illinois, within the Southern District of Illinois,

### MAGGI R. TUDOR

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely a wire transfer relating to payroll funds from the State of Illinois to B.T. that consisted of payment for overtime hours in the amount of $1,679.87 for which B.T. did not work, the wires of which were transmitted from Tampa, Florida to the state of Illinois.

All in violation of Title 18, United States Code 1343.

## COUNT 4
## WIRE FRAUD – 18 U.S.C. § 1343

1. 1 and 3 through 11 of Count One of this Indictment are realleged here.

2. On or about March 1, 2023, in Perry County, Illinois, within the Southern District of Illinois,

### MAGGI R. TUDOR

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely a wire transfer relating to payroll funds from the State of Illinois to B.T. that consisted of payment for holiday hours in the amount of $956.03 for which B.T. did not work, the wires of which were transmitted from Tampa, Florida to the state of Illinois.

All in violation of Title 18, United States Code 1343.

## COUNT 5
## WIRE FRAUD – 18 U.S.C. § 1343

1. 1 and 3 through 11 of Count One of this Indictment are realleged here.

2. On or about August 16, 2024, in Perry County, Illinois, within the Southern District of Illinois,

### MAGGI R. TUDOR

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely a wire transfer relating to payroll funds from the State of Illinois to B.T. that consisted of payment for overtime hours in the amount of $1,907.43 for which B.T. did not work, the wires of which were transmitted from Tampa, Florida to the state of Illinois.

All in violation of Title 18, United States Code 1343.

## COUNT 6
## WIRE FRAUD – 18 U.S.C. § 1343

1. 1 and 3 through 11 of Count One of this Indictment are realleged here.

2. On or about November 1, 2024, in Perry County, Illinois, within the Southern District of Illinois,

### MAGGI R. TUDOR

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely a wire transfer relating to payroll funds from the State of Illinois to B.T. that consisted of payment for holiday hours in the amount of $2,461.04 for which B.T. did not work, the wires of which were transmitted from Tampa, Florida to the state of Illinois.

All in violation of Title 18, United States Code 1343.

## COUNT 7
## MISAPPLICATION OF PROPERTY FROM FEDERALLY FUNDED PROGRAMS
## 18 U.S.C. § 666(a)(1)(A)

1. Paragraphs 1 and 3 through 11 of Count One of this Indictment are realleged here.

2. The Illinois Department of Corrections ("IDOC") was an organization or agency of state or local government within the meaning of 18 U.S.C. § 666(a)(1).

3. During a one-year period beginning on July 1, 2022, and continuing through June 30, 2023, IDOC received more than $10,000 in benefits and assistance from the United States government under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

4. TUDOR was an employee of the IDOC and was its "agent" within the meaning of 18 U.S.C. § 666(d)(1).

5. In the period of twelve consecutive months between July 1, 2022, and June 30, 2023, in Perry County, in the Southern District of Illinois,

**MAGGI R. TUDOR**

defendant herein, knowingly embezzled, stole, converted, obtained by fraud, and misapplied payroll funds worth more than $5,000 that was owned by and under the care, custody, and control of the Illinois Department of Corrections.

All in violation of 18 U.S.C. § 666(a)(1)(A).

## FORFEITURE ALLEGATION

As a result of the commission of the foregoing offenses described in Counts One through Seven of this Indictment,

**MAGGI R. TUDOR,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(3), 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any and all property constituting, or derived from, any proceeds said defendant obtained, directly or indirectly, as a result of said violations alleged in Count One through Seven.

**A TRUE BILL**

Digitally signed by STEVEN WEINHOEFT
Date: 2025.12.14 18:54:16 -06'00'

STEVEN D. WEINHOEFT
United States Attorney

KATHLEEN M. HOWARD
Assistant United States Attorney

8